Morning, Your Honors, Devin McLaughlin for Defendant Appellant, Mr. Caesar. This case raises important issues, Your Honors, with regard to how the district court should be approaching affidavits of Fourth Amendment standing. Respectfully, I would characterize the magistrate and judge's approach below as hearing avoidant. The affidavits from Mr. Caesar raise genuine questions as to whether or not he had a legitimate expectation of privacy in 203 Main Street and the detached garage at 203 Main Street. And at a minimum, and frankly what this appeal is primarily about, there should have been a hearing. I want to — What arguments, what facts are disagreed upon? What facts in this first affidavit, certainly, but even in the second affidavit, is there any disagreement on that would be worth having a hearing about? I would point, Your Honors, to exactly the questions raised by the judge in his opinion. So if I look at Magistrate McCarthy's opinion at page 8, which is on Appendix 66, these are exactly the questions that he raised and he made the incorrect inferences on. So, for instance, the defendant, Mr. Caesar, averred that he had full access to the garage. Judge McCarthy said, however, defendant does not state who gave him access to the garage. I think it's a fair inference completely that the owners of the garage gave him access, but Judge McCarthy says we don't know who gave him access. That's a question. That's because he didn't in his affidavit. It's his responsibility to say that, this person gave me access, and then that might — if the other side said, no, it was somebody else, that would raise a fact question. But it's your job, your client's job, under Figueroa, to state the facts. Your Honor, respectfully, in construing — and the law is clear on this — in construing an affidavit submitted in support of Fourth Amendment standing, all reasonable and fair inferences are to be drawn in favor of the person making the affidavit. It does not need to be a five-bullet-point affidavit. If the person indicates that I have free access to the place and that I was allowed to go there whenever I wanted, then there's a fair inference that he wasn't breaking in against the permission of the host. The fair inference is that the host gave him that access. Likewise, my individual said that he was able to go ahead and store items in the garage. Judge McCarthy says he fails to state whether he had permission of the tenant to store things in the garage. Again, it's a completely fair inference that he was not doing it impermissibly or unlawfully. And so the judge ends up saying, without such additional information, I can't find that he had standing. The whole point is to have a hearing to answer the questions that Your Honor has raised and that, frankly, the Judge McCarthy took the inferences in the light least favorable to my client. U.S. v. Hamilton, you have to take them in the light most favorable to my client. Reading what he did on page 66, I don't think you can come away with a conclusion, any conclusion other than he decided to construe all inferences against my client. And that's not what one does when one ends up having a hearing on it. Counsel, let me separate the first and the second affidavits. Yeah. So I don't see an argument on appeal that the court, the district court erred in failing to sort of extend the time or accept the second affidavit. You talk about it would be unjust to have this case turn on the timeliness. But I don't actually see as an issue on appeal that it was error not to accept the second affidavit. So can I ask, because this has been a conundrum of mine, I filed a reply brief on February 4th. I filed a motion. Let's assume it's accepted. Okay. But you can't raise an argument on appeal only in the reply brief. So I'm asking, but even in the reply brief, what you say in the reply brief is it would be unjust to have this important question turn on the timeliness of the second affidavit. But I don't think you say, you don't raise as an issue on appeal it was error for the district court not to accept the second affidavit. I don't. I mean, sorry, I think that's how. So the way I phrased it, at least the way I understood that I had phrased it, is that it would be error to go. The way I ended up phrasing it is that the judge, all judges below, ended up addressing the merits, and they went to the merits. And this notion that, and I'm sorry if I didn't make it more direct, the notion that somehow this affidavit should be considered untimely, I think my argument in my reply brief is that it should be considered untimely. Well, but let's focus on your argument in your main brief, since you're not allowed to argue something for the first time on reply. So is it your contention that this appeal raises the question of whether the second affidavit should have been accepted by the district court in spite of being untimely? It does. Okay. Thank you. And as you saw from the reply brief, there are strong reasons why it should. The government relies on 12C3 saying this is untimely under 12C3. My client timely filed a motion to suppress, and he timely filed an affidavit in support of the motion to suppress. Judge McCarthy then had oral argument on are we going to have a hearing. My clients then, in response to his questions about exactly what Judge Calabresi asked, you know, give me some additional facts that will go ahead and support this, my client went ahead and supported, sorry, submitted the supplemental affidavit. Right. But that wasn't with leave of the court. The court didn't say, I have these questions at oral argument, and then say, counsel, is your client able to submit a supplemental affidavit? I think a fair reading, being a practitioner, a fair reading of navigating the first hearing is I need to file a supplemental affidavit because the judge has to suppress it. You didn't ask for leave for that at the first hearing, right? No. But then he went ahead and filed it, and then the judge raised zero questions at the second hearing in terms of is this untimely. He accepted and engaged on the merits. And if there had been a dialogue about, you know, can you give me reason why this is untimely, we would actually have a record as to why it was untimely, and maybe the judge would have found cause or not found cause. But when you, sorry, as a practitioner, enter into a hearing where the judge engages on the merits, raises zero issue as to whether this is timely or not, and then post talk ends up saying, oh, by the way, I'm just going to find that this is untimely. We reviewed that for abuse of discretion, right, whether the judge found that there was a good cause for the untimeliness. Correct. I'm stuck with an abuse of discretion standard, Your Honor. Well, not just that. I mean, first we have to accept your reply rate where the argument is raised.  And then we have to deem your argument, even though it's forfeited, we still have to review it, and then we review for abuse of discretion whether the magistrate erred in accepting, not accepting untimely. Correct. But both his decision in terms of finding it untimely and ultimately his decision on whether to grant a hearing or not grant a hearing, those are both under abuse of discretion. And that's just to get to the supplemental affidavit. Excuse me? That's just to get to the supplemental affidavit, to consider the allegations in there or the statements in there. Correct. And I've submitted my arguments, at least in my reply brief, as to why I believe it would be an abuse of discretion and putting form over substance and avoiding serious constitutional issues by saying, by the way, this is untimely despite having set up the argument stream where, sorry, he implicitly and effectively invited, fill my holes, filled holes, didn't say it's untimely, and then decides to go ahead and use that procedural out. Can I ask, and there's no claim on appeal that the search actually conducted exceeded the scope of the warrant? That was discussed below, but I didn't see it raised on appeal. We just never got there. You wouldn't get there. Having been kicked out on standing, the only issue right now is do we get a new hearing on standing? We never got to the substantive issue of whether or not it exceeded the scope because they avoided that by finding that my client had no standing. So we never got there. So are you saying that the only issue before us now really is the question of a hearing or no? Exactly. Okay. Thank you. Thank you. Thank you. Thank you, counsel. You're reserved two minutes to reply. We'll hear from the government. Good morning. May it please the Court. My name is Tiffany Lee, and I represent the United States. Mr. McLaughlin raises an interesting issue when he talks about gap filling. The whole point of the affidavit on standing is because it is up to the defendant to assert his rights, not vicariously through someone else's Fourth Amendment rights, but he has to assert that he has standing in order to proceed with a motion to suppress on the search of 203 Main Street. And he gets his one shot when he's supposed to file his omnibus papers, which he did. He filed an affidavit that was very, very plain and had one sentence to say that he had standing over the residence at 203 Main Street. And then three months later is when he files or moves the magistrate judge to file a supplemental affidavit. And without offering any justification for why his supplemental affidavit or the facts And now Mr. Cesar says, well, no, I have enough there for you to make certain assumptions about what I said vis-a-vis the – let's take the garage, for example. So if we take the garage, for example, Mr. Cesar is arguing to this Court that while I have an expectation of privacy because I've been in the garage often, the front door was usually open, I have stored items, including a backpack, and I had full access to the garage. And then what he's expecting this Court to say is, oh, okay, Mr. Cesar, then you are entitled to a hearing to flesh out some of these facts. But that is not what the affidavit to assert standing requires Mr. Cesar to do. Mr. Cesar is to give you all the information instead of having a hearing. He's supposed to tell you, well, I had permission from the renters of 203 Main Street. They gave me a key. This is the last – these are – this is the frequency with which I had visited the  And not only did I have authority to store items, but I stored the saddlebag on top of this motorcycle, and I locked the garage right out, you know, after I stored the saddlebag in the garage. None of – Well, just along with the statements in the initial affidavit, why isn't all of that sort of fairly encompassed within the general statements that he had use of the premises and complete ingress-egress access? Because that is very – it's very broad-based. It's very – like, it's – basically, it's not telling us a relationship with the owner. It's just saying, well, I have use, and I have complete ingress-egress to the residents. How entailed in terms of the Figueroa factors does the initial affidavit have to be to raise questions that require further inquiry? That's the question before us. So the question – I mean, Figueroa, Mazza, gave a great roadmap. It talks about relationship with the owner of the presence – of the premises. Well, why does that matter? I mean, whether it's an Airbnb host or his mom or a friend, I mean, if he has – if he can use it and he has unfettered access. Because that doesn't mean that he can stand in the shoes of the owner and assert an expectation of privacy and stand in front of, you know, the government and say, no, I can assert Fourth Amendment over this property. If he – Let me ask it this way, then. Who – what kind of situation would there be where someone had – could say that they had complete use of the premises and ingress and egress but didn't have an expectation of privacy? I think that situation could happen a lot. Like, if you are a guest, if, you know, my daughter visits her friends who are in a dormitory all the time, and, you know, as far as she's concerned, she might come in and out. But that may not – if she's not given a key, if she's not given, you know, formal permission to, like, store her stuff, there is a lot of more factors that need to be considered in addition to just having access to a location. For example, what if someone has ingress and egress to the common area of an apartment building, right? It's a common area of an apartment building. Well, but there's a difference between access to a common area, because that is, obviously, and specific access to a private part of a building. So the question is, how much must a person say about access to a private party to make them more than somebody who is just there and has no special interest and somebody who has a right not to be served there? Judge Calabresi, I don't think it takes much more, but it's certainly more than just saying, I have complete ingress and, you know, access, ingress and egress. But you're essentially saying that the first affidavit was just conclusory, that it did not assert specific facts, which could be discussed, yes or no, are they there, as to whether there was access? Yes, absolutely. And indeed, the second affidavit shows you, because there's a distinction between the owner of 203 Main Street and the renters of 203 Main Street. So there's already, like, there's nuances which would either add to, you know, Mr. Caesar's position on standing or detract. Unless the court has any further questions, the government rests on its brief. Thank you, counsel. Thank you. We'll hear right back. Thank you, Your Honors. Just briefly, listening to what Attorney Lee would have a defendant put in an affidavit. Speak right. Sorry, my fault. I apologize. Listening to what Attorney Lee indicated would be, in a perfect world, what an individual would include in an affidavit, to me, anyway, is inconsistent with the realities of practice. She required a level of detail that, frankly, would rarely be in such a standing, sorry, in such a standing affidavit. Understanding, Your Honors, there is the timing. Why do you say that? I mean, what is so difficult in a first affidavit, saying more than the conclusion, but giving specific facts that give rise to that conclusion? If I had access because I had keys or I had access because I put bananas, you know, what is so strange about requiring some particular facts? May I let you say, in an ideal world, of course, you would have every word that would potentially come out in a hearing in terms of what would potentially support it. But that shouldn't be the standard for what an affidavit is going to require, which is literally to get you into the door for a hearing. And so if you go ahead and put on in your affidavit that you had complete ingress and egress access to the residence, then the fair inferences are that you are allowed to do it. The fair inferences are that you are allowed to do it frequently, et cetera. And yes, in an ideal world, it would be more detailed. But here it isn't. And the question is whether what was there is sufficient to warrant a hearing, which then gets us to the second affidavit. Recognizing that there are timing issues related to the second affidavit, what I'd submit, Your Honors, is as you gauge whether the first affidavit is sufficient, if the analysis comes down to that, frankly, the first affidavit supports all the inferences which are then set forth in the second affidavit. So even if you're not using it independently, when you're tasked with what you're tasked with, which is give all reasonable inferences to the filer, those reasonable inferences, frankly, encompass what he then went ahead and put in the second affidavit. Yes, it would be wonderful if they were all combined in the first affidavit and we got a procedural hurdle. But I would ask the Court, when they're trying to figure out what fair inferences, if you're limited to the first affidavit, to at least look at the second affidavit as supporting, well, those would be fair inferences, and then giving a hearing. Because we're not asking for this Court to find standing. We're just asking this Court to say, in this case, there should have been a hearing. Thank you. Thank you, counsel. Thank you both. We'll take the case under advisement.